NO. 07-02-0283-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 15, 2004

_____

ANTHONY MAURICE JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 01-11-07249-CR; HONORABLE JAMES H. KEESHAN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Anthony Maurice Jackson appeals from his conviction for aggravated robbery. We dismiss for want of jurisdiction.

On April 1, 2002, pursuant to a plea bargain, appellant pled guilty to the charge of aggravated robbery in the 359th District Court of Montgomery County, Texas. Appellant

was admonished, both orally and in writing, by the trial court and he signed a Stipulation of Evidence, Admonishments, Statements and Waivers as well as pleading guilty on the record while in open court. The trial court honored the plea bargain and sentenced appellant to incarceration in the Texas Department of Criminal Justice, Institutional Division, for 12 years.

On May 1, 2002, appellant filed a Motion for New Trial alleging that he had received ineffective assistance of counsel in entering into the plea agreement and that his trial counsel had coerced him into entering the agreement, thus rendering it involuntary. A hearing was held regarding this motion, at which trial counsel and appellant testified. The testimony of trial counsel and appellant was in direct and substantial conflict. The trial court denied appellant's motion. Appellant filed a general Notice of Appeal. The trial court appointed appellate counsel.

Counsel for appellant has filed a Motion to Withdraw as Counsel and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error or grounds upon which a non-frivolous appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel has discussed why, under the controlling authorities, there is no arguably reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813

(Tex.Crim.App. 1978). In addition, counsel has concluded that this court's jurisdiction has not been invoked by the general notice of appeal.

Counsel attached exhibits showing that a copy of the Anders brief and Motion to Withdraw as Counsel have been forwarded to appellant, and that counsel has appropriately advised appellant of his right to review the record and file a *pro se* response. Appellant has filed a *pro se* brief. The State has filed a Motion to Dismiss.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The Rules of Appellate Procedure do not establish the jurisdiction of courts of appeals, but, rather, the Rules provide procedures which must be followed to invoke jurisdiction over a particular appeal. See White v. State, 61 S.W.3d 424, 427-28 (Tex.Crim.App. 2001). If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is absent as if it did not exist, and the appeal will be dismissed for lack of jurisdiction. Id. at 428-29.

Appellate jurisdiction is invoked by giving timely and proper notice of appeal. Id. at 428. The rule of appellate procedure applicable to the matter before us requires that in order to perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere*, and in which the punishment assessed did not exceed the

punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must either: (a) specify that the appeal is for a jurisdictional defect, (b) specify that the substance of the appeal was raised by written motion and ruled on before trial, or (c) state that the trial court granted permission to appeal. TEX. R. APP. P. 25.2(b)(3);[1] White, 61 S.W.3d at 428. Dismissal of an issue or the entire matter is appropriate unless the form of the notice of appeal is proper to perfect appeal as to the issue or matter. Id.

An appellant may not appeal the voluntariness of a guilty or *nolo contendere* plea made pursuant to a plea bargain where the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, unless the notice of appeal complies with TRAP 25.2(b). See Cooper v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001). The requirements of TRAP 25.2(b) apply to claims of ineffective assistance of counsel. Id. at 82. Thus, a notice of appeal from such a plea-bargained conviction and sentence which does not comply with TRAP 25.2(b) does not invoke our appellate jurisdiction.

As appellant's Notice of Appeal does not contain one of the three allegations necessary to invoke our appellate jurisdiction over an appeal from this conviction, see White, 61 S.W.3d at 428, our jurisdiction has not been invoked. Accordingly, the appeal must be dismissed for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

---

[1]Amended December 23, 2002, effective January 1, 2003. Further reference to Rules of Appellate Procedure will be by "TRAP __."

Because we have no jurisdiction over the appeal except to dismiss it, we cannot and do not consider appellate counsel's Motion to Withdraw as Counsel, or any of appellant's *pro se* motions.

We dismiss the appeal for want of jurisdiction.


Phil Johnson
Chief Justice


Do not publish.